PEOPLE v MESSINA

APPEAL AND ERROR—CRIMINAL LAW—PLEA OF GUILTY—UNDERSTAND-
    ING NATURE OF PLEA.

The Court of Appeals should not overrule a trial court's finding
    that a defendant was capable of understanding the nature of
    his plea of guilty where there is not sufficient evidence on the
    record that the defendant was incapable of such understanding.

Appeal from Kalamazoo, Raymond W. Fox, J. Submitted May 4, 1976, at Grand Rapids. (Docket No. 19988.) Decided September 7, 1976.

Sidney Messina was convicted, on his plea of guilty, of taking indecedent liberties with a child. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Donald A. Burge,* Prosecuting Attorney, and *Stephen M. Wheeler,* Chief of Appellate Division, for the people.

*Robert J. Barber,* for defendant on appeal.

Before: BASHARA, P. J., and ALLEN and C. J. HOEHN,* JJ.

C. J. HOEHN, J. Sidney Messina was arrested in Kalamazoo and charged with taking indecent liberties with a nine-year-old boy on September 15, 1973. MCLA 750.336; MSA 28.568. He was also charged with a second count of being a sexually

REFERENCE FOR POINTS IN HEADNOTE

21 Am Jur 2d, Criminal Law § 485 *et seq.*

* Circuit judge, sitting on the Court of Appeals by assignment.

delinquent person. MCLA 750.10a; MSA 28.200(1); MCLA 750.336; MSA 28.568.

Counsel was appointed to represent Messina, and after plea bargaining it was agreed that Messina would plead guilty to count 1, indecent liberties, and the people would move to dismiss count 2. Messina appeared before Judge Raymond W. Fox in Kalamazoo Circuit Court with his attorney Thomas McKinley on December 17, 1973. Judge Fox conducted the rule-required plea interrogation and accepted the plea. On January 21, 1974, Messina was sentenced to a term of 5–10 years in prison.

Defendant's appeal raises three issues: (1) whether or not sufficient testimony is contained in the record to show the age of the child, (2) whether defendant understood the nature of the plea, and (3) whether the plea transcript contained a sufficient factual basis.

As to issues (1) and (3) we hold that sufficient factual basis appeared in the plea-taking proceedings.

As to (2) the record indicates that the defendant was a feeble-minded person with a prior record of sexual assaults on young boys. He had been a patient at the Kalamazoo State Hospital several times since 1940. He was committed as feeble-minded.

The court evidently had the psychiatric reports on the defendant available to him at the time of sentencing since he found that the defendant was "not psychotic". He also found that the defendant would not be able to overcome his fondness for young boys. Under the circumstances, it would seem that the court and defendant's counsel did in fact consider whether defendant was able to comprehend the proceedings. All of the evidence that

they had before them indicated that he was in fact capable.

Judge Fox's remarks on the record reflected the agony, frustration and despair at the situation in which he found himself. He could not commit the defendant to a mental hospital for sex deviation alone and the man was not psychotic. The man was not capable of being rehabilitated and there was no institution other than prison available to the judge. The judge feared that a prison sentence would make the defendant a victim of the other inmates. The alternative to prison would be to hold that, while the defendant was not insane and ergo not committable to a state institution, he was not capable of standing trial. The result would be to require the release of the defendant. He would then be sent forth into society with a carte blanche to commit a crime over and over without any penalty attaching.

There is not sufficient evidence that defendant was incapable of understanding his plea to permit this court to overrule the trial judge's finding that the defendant was in fact capable of understanding the consequences of his act.

Affirmed.